IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MILLARD REFRIGERATED SERVICES, LLC )<br>)<br>Defendant. ) | Civil Action No. 15-186 |

JOINT STIPULATION OF SETTLEMENT

WHEREAS, Plaintiff, the United States of America, on behalf of the United States Environmental Protection Agency ("EPA") simultaneously with the filing of this Stipulation of Settlement ("Stipulation"), has filed a Complaint in this action alleging that Defendant Millard Refrigerated Services, LLC, a Delaware limited liability company, f/k/a Millard Refrigerated Services, Inc. ("Millard") violated Sections 112(r)(1) and 112(r)(7) of the Clean Air Act ("CAA"), 42 U.S.C. §§ 7412(r)(1) and 7412(r)(7), Section 103 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9603, and/or Section 304 of the Emergency Preparedness and Community Right-To-Know Act ("EPCRA"), 42 U.S.C.     § 11004, at its facility located in Theodore, Alabama ("the Facility");

WHEREAS, the violations the United States alleges are described in detail in the Complaint and include three separate releases of anhydrous ammonia which occurred on April 25, 2007, January 6, 2010; and August 23, 2010 ;

WHEREAS, this Stipulation does not constitute an admission of any fact or of any liability by Millard; and

WHEREAS, the United States, and Millard (the "Parties") recognize, and the Court by entering this Stipulation finds, that settlement of this action has been negotiated by the Parties in good faith and will avoid further expense and litigation between the Parties and that this Stipulation is fair, reasonable, and in the public interest;

NOW, THEREFORE, without adjudication or admission of any issue of fact or law, or any determination of liability, and upon consent and agreement of the Parties to this Stipulation, it is hereby AGREED, STIPULATED, and ORDERED:

1. This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Section 113(b) of the CAA, 42 U.S.C. § 7413(b), Section 109(c) of CERCLA, 42 U.S.C. § 9609(c), and Section 325(b)(3) of EPCRA, 42 U.S.C. § 11045(b)(3). This Court also has personal jurisdiction over Millard.

2. Venue is proper in this District under Section 113(b) of the Clean Air Act, 42 U.S.C. § 7413(b), Section 109(c) of CERCLA, 42 U.S.C. § 9609 (c), Section 325(b)(3) of EPCRA, 42 U.S.C. § 11045(b)(3) and 28 U.S.C. §§ 1391(b) and (c) and 1395(a), because violations alleged in the Complaint are alleged to have occurred in, and the Facility is located in, this judicial district. For purposes of this Stipulation, or any action to enforce this Stipulation, Millard consents to the Court's jurisdiction over this Stipulation or any such action and over Millard and consents to venue in this judicial district.

3. For the purposes of this Stipulation, Millard agrees that the Complaint states claims upon which relief may be granted pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b), for violations of Section(s) 112(r)(1) and 112(r)(7) of the CAA, 42 U.S.C. §§ 7412(r)(1) and 7412(r)(7), Section 103 of CERCLA, 42 U.S.C. § 9603, and Section 304 of EPCRA, 42 U.S.C. § 11004.

4.	Millard shall pay a civil penalty of $3,000,990 for violations of the Clean Air Act and EPCRA, and $8,865 for violations of CERCLA together with interest accruing from the date on which this Stipulation is entered by the Court, at the rate specified in 28 U.S.C. § 1961 as of the date of entry.

5.	A.	**Penalty Payment for CAA and EPCRA Violations** The civil penalty of $3,000,990, as set forth in Paragraph 4, together with interest, shall be paid to the United States within thirty (30) days after the Court enters this Stipulation by FedWire Electronic Funds Transfer ("EFT") in accordance with written instructions to be provided to Defendant by the Financial Litigation Unit of the U.S. Attorney's Office for the Southern District of Alabama. At the time of payment, Defendant shall send evidence of the transfer, together with a transmittal letter referencing this Stipulation, the civil action number and DOJ case number 90-5-2-1-10384, to:

>	Ellen Rouch
>	Associate Regional Counsel
>	Office of Environmental Accountability
>	U.S. EPA, Region 4
>	61 Forsyth Street, S.W.
>	Atlanta, GA 30303

>	and to:

>	Chief, Environmental Enforcement Section
>	U.S. Department of Justice
>	P.O. Box 7611
>	Washington, D.C. 20044

B.	**Civil Penalty for CERCLA violations**   The civil penalty of $8,865, as set forth in Paragraph 4, together with interest, shall be paid by forwarding a cashier's or certified check, payable to "EPA Hazardous Substance Superfund" to one of the following addresses:

| BY MAIL | BY OVERNIGHT |
|---|---|
| U.S. Environmental Protection Agency | U.S. Environmental Protection Agency |
| Superfund Payments | Government Lockbox 979076 |
| Cincinnati Finance Center | 1005 Convention Plaza |
| P.O. Box 979076 | Mail Station SL-MO-C2-GL |

   St. Louis, Missouri 63197-9000      St. Louis, MO
                       26001
                       (314) 425-1818

The check shall reference on its face this Stipulation, the civil action number and DOJ case number 90-5-2-1-10384.

6. If any portion of the civil penalty payable to the United States under Paragraph 4 of this Stipulation is not paid when due, the United States may issue a written demand for payment of stipulated penalties under this Paragraph. Millard shall, within thirty (30) days of receipt of such written demand, pay a stipulated penalty to the United States of $5,000 for each day that Millard's civil penalty payment is delayed beyond the date due. Payment of any stipulated penalty to the United States shall be made in the manner set forth in Paragraph 5. The United States, in its sole and unreviewable discretion, may reduce or waive stipulated penalties otherwise payable to the United States under this Stipulation.

7. In the event that Millard fails to pay any stipulated penalties in a timely manner, Millard shall thereafter pay interest on all unpaid stipulated penalty amounts at the rate specified in 28 U.S.C. § 1961.

8. Millard may not deduct any civil or stipulated penalties paid under this Stipulation in calculating its federal or state income tax.

9. All of the foregoing obligations shall apply to and are binding upon Millard and its successors, and shall not be altered by any change in ownership or corporate status.

10. Each person signing this Stipulation warrants and represents that he or she possesses full authority to bind the party on whose behalf he or she is signing to all terms of this Stipulation.

11. Entry of this Stipulation and payment of the penalty stated in Paragraph 4 of this Stipulation shall constitute full settlement and satisfaction of the civil claims of the United States

against Millard occurring through the date of filing of this Stipulation as alleged in the Complaint.

12. The United States reserves all legal and equitable remedies available to enforce the provisions of this Stipulation, except as expressly stated in Paragraph 11. This Stipulation shall not be construed to limit the rights of the United States to obtain penalties or injunctive relief under the CAA, CERCLA, EPCRA or implementing regulations, or under other federal, state, or local laws, regulations, or permit conditions, except as expressly stated in Paragraph 11.

13. The United States further reserves all legal and equitable remedies to address any imminent and substantial endangerment to the public health or welfare or the environment arising at, or posed by, the Facility.

14. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, civil penalties, other appropriate relief relating to the Facility, Millard shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion, claimsplitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved pursuant to Paragraph 11.

15. This Stipulation constitutes a final judgment under Federal Rules of Civil Procedure 54 and 58, and it shall constitute an enforceable judgment in accordance with Rule 69 of the Federal Rules of Civil Procedure, and Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001-3308, and other applicable authority. The United States shall be deemed a judgment creditor for purposes of collection of any unpaid amounts of the civil and stipulated penalties. Further,

Millard shall be liable for attorneys' fees and costs incurred by the United States to collect any amounts due under this Stipulation.

16. With regard to matters relating to this Stipulation and its enforcement and the filing of the Complaint, Millard shall identify on the attached signature page the name, address and telephone number of an agent who is authorized to accept service of process by mail on behalf of that entity with respect to all matters arising under or relating to this Stipulation and the filing of the Complaint.  Millard hereby agrees to accept service of process by mail and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and in any applicable local rules of this Court, including, but not limited to, service of a summons.

17. Except as stated in Paragraph 11 of this Stipulation, each party shall bear its own costs and attorneys' fees related to this action.

18. This Joint Stipulation of Settlement shall be lodged with the Court for a period of not less than 30 days for public notice and comment in accordance with 28 C.F.R. § 50.7.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Joint Stipulation of Settlement disclose facts or considerations which indicate that the Joint Stipulation of Settlement is inappropriate, improper, or inadequate.  Millard consents to the entry of this Joint Stipulation of Settlement without further notice.

19. If for any reason the Court should decline to approve this Joint Stipulation of Settlement in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

20. Within thirty (30) days after the receipt of payment by Millard of all monies due under this Stipulation, the United States shall execute and file with this Court a stipulation that the Complaint be dismissed with prejudice.

21.     This Court shall retain jurisdiction for the purposes of interpreting and enforcing this Stipulation.

22.     This Stipulation shall not be construed to create rights in, or grant any cause of action to, any third party that is not party to this Stipulation.

23.     There are no separate agreements or understandings between the Parties with respect to this matter that have not been set forth in this Stipulation.

24.     This Stipulation may be executed by the Parties in separate counterparts, each of which when so executed and delivered shall be an original, but all such counterparts shall together constitute but one and the same instrument.

AS AGREED AND STIPULATED TO BY THE PARTIES, IT IS SO ORDERED ON THIS 29th DAY OF MAY, 2015:

                                        s/WILLIAM H. STEELE
                                        CHIEF UNITED STATES DISTRICT JUDGE

THE UNDERSIGNED PARTIES enter into this Joint Stipulation of Settlement in the matter of <u>United States v. Millard Refrigerated Services, LLC</u>:

FOR PLAINTIFF THE UNITED STATES OF AMERICA:

                                  s/ John C. Cruden
                                  JOHN C. CRUDEN
                                  Assistant Attorney General
                                  Environment and Natural Resources Division
                                  United States Department of Justice

                                  s/Cheryl Ann Luke
                                  CHERYL A. LUKE
                                  Trial Attorney
                                  Environmental Enforcement Section
                                  Environment and Natural Resources Division
                                  United States Department of Justice
                                  P.O. Box 7611
                                  Washington, D.C. 20044
                                  Ph: (202) 514-5466

Of Counsel:
Steve Butler
First Assistant United States Attorney
Chief, Civil Division
United States Attorney's Office
Southern District of Alabama
Mobile, Alabama
Florida Bar #0932353
Office: (251) 415-7102
Fax: (251) 441-5051

THE UNDERSIGNED PARTIES enter into this Joint Stipulation of Settlement in the matter of <u>United States v. Millard Refrigerated Services, LLC:</u>

FOR PLAINTIFF THE UNITED STATES OF AMERICA

                                                s/Cynthia Giles_____
                                                CYNTHIA GILES
                                                Assistant Administrator
                                                United States Environmental Protection Agency
                                                Office of the Enforcement and Compliance Assurance

THE UNDERSIGNED PARTIES enter into this Joint Stipulation of Settlement in the matter of <u>United States v. Millard Refrigerated Services, LLC</u>:

FOR PLAINTIFF THE UNITED STATES OF AMERICA (cont.):


                                                s/Heather McTeer Toney
                                                HEATHER MCTEER TONEY
                                                Regional Administrator
                                                U.S. EPA, Region 4
                                                61 Forsyth Street, S.W.
                                                Atlanta, GA 30303


                                                s/Ellen Rouch
                                                ELLEN ROUCH
                                                Associate Regional Counsel
                                                Office of Environmental Accountability
                                                U.S. EPA, Region 4
                                                61 Forsyth Street, S.W.
                                                Atlanta, GA 30303

THE UNDERSIGNED PARTIES enter into this Joint Stipulation of Settlement in the matter of <u>United States v. Millard Refrigerated Services, LLC</u>:

FOR DEFENDANT MILLARD REFRIGERATED SERVICES, LLC:


 s/ Jason E. Burnett_____

JASON E.BURNETT

Vice President and General Counsel

Agent authorized to accept service on behalf of the above-signed party:

    Adam G. Sowatzka
    Partner
    King & Spalding LLP
    1180 Peachtree Street, NE
    Atlanta, Georgia 30309
    Ph:  (404) 572-3508